IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE PETTAWAY,<br>        Plaintiff<br><br>v.<br><br>SCI ALBION, et al.,<br>        Defendants | C.A. No. 11-158 Erie<br><br>Magistrate Judge Baxter |

## OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter.

### I.  INTRODUCTION

#### A.  Relevant Procedural and Factual History

On August 2, 2011, Plaintiff Wayne Pettaway, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), initiated this *pro se* civil rights action under 42 U.S.C. § 1983, against Defendants SCI-Albion and the Pennsylvania Department of Corrections ("DOC"). Plaintiff alleges that, from 2008 to sometime in 2011, Defendants improperly deducted court costs and fees from his prison account, pursuant to Act 84, despite his assertion that the costs and fees were to be paid by Allegheny County. Thus, Plaintiff claims that Defendants committed "deliberate intentional fraud and thief [sic] of [his] personal funds." (ECF No. 11, Complaint, at p. 4 (attached p. 1)). As relief for his claims, Plaintiff seeks monetary damages.

Defendants have filed a motion to dismiss complaint [ECF No. 35], arguing that Plaintiff's claims are barred by the Eleventh Amendment and that Plaintiff has failed to state a due process claim upon which relief may be granted. Plaintiff has since filed a response to

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 27, 34).

Defendants' motion. [ECF No. 41]. This matter is now ripe for consideration.

### B.     Standards of Review
#### 1.     Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal

evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the *Twombly/Iqbal/Phillips* line of cases, as follows:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v.

MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C.     Discussion
#### 1.     Eleventh Amendment

Defendants contend that Plaintiff's claims must be dismissed because they are entitled to immunity under the eleventh amendment to the United States Constitution. The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985), citing Alabama v. Pugh, 438 U.S. 781 (1978).

It is well-settled that the DOC, which administers all state correctional institutions including SCI-Albion, is an agency or arm of the Commonwealth of Pennsylvania. Thus, the DOC and its respective institutions are entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Steele v. Pennsylvania, 2009 WL 614800 at *8 (W.D.Pa. Mar. 6, 2009)(DOC). No exceptions to Eleventh Amendment immunity are applicable here. The

Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538 at *1 n.2 (E.D.Pa. July 30, 1996), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table).

Moreover, as state agencies, Defendants are not "persons" against whom a civil rights action may be brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claims against Defendants will be dismissed.

### 2.   Due Process Claim

To the extent Plaintiff may wish to amend his complaint to name individual "persons" against whom he wishes to assert his claims, Defendants argue that Plaintiff has failed to state a constitutional claim upon which relief may be granted in any event. In particular, the only constitutional claim that may be construed from Plaintiff's complaint is a due process claim that Defendants violated his liberty interest in property by improperly deducting funds from his prison account. Defendants argue that this claim must fail because the availability of a prison grievance procedure satisfied all the requirements of due process. The Court agrees.

The Due Process Clause was promulgated to secure individuals from the arbitrary exercise of the powers of government. The procedural aspect of the Due Process Clause guarantees the availability of certain procedural mechanisms, typically the right to notice and a hearing, before the government can deprive an individual of a liberty or property interest. In the context of depriving an inmate of his property, however,

> ... the Supreme Court has held that meaningful post-deprivation remedies provide sufficient due process for negligent deprivations of property, Parratt v. Taylor, 451 U.S. 527, 530 (1981), and intentional deprivations of property, Hudson v. Palmer, 468 U.S. 517, 533 (1984), and that requiring a pre-deprivation hearing would be absurd since it would be impossible to determine when a negligent or intentional deprivation of property would occur. Zinermon v. Burch, 494 U.S. 113, 117 (1990). **The Court of Appeals has held that the DOC's grievance procedure**

5

> **provides an adequate post-deprivation remedy**, see e.g. Tillman v. Lebanon County Corr. Fac., 121 F.3d 410, 422 (3d Cir. 2000), **and that the existence of this post-deprivation remedy forecloses any due process claim**, Austin v. Lehman, 893 F.Supp. 448, 454 (E.D.Pa. 1995) even if an inmate is dissatisfied with the result of the process. Iseley v. Horn, 1996 WL 510090, at * 6 (E.D.Pa. Sept. 3, 1996). As [the inmate plaintiff] admits to having used the grievance procedure to attempt the return of his [property], he had access to an adequate post-deprivation remedy and even if there had been a violation of his liberty interest he was not denied the right to due process of law.

Brooks v. DiGuglielmo, 2008 WL 5187529 and * 6 (E.D.Pa. Dec. 9, 2008) (footnote omitted) (emphasis added). See also Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008) ("[b]ecause prisons are constitutionally required to afford inmates only a post-deprivation remedy, we agree that the defendants' failure to give the inmates prior notice of their intended seizure of their materials did not violate the plaintiffs' Due Process rights"); Banks v. Beard, 2006 WL 2192015 at * 15 (W.D.Pa. Aug. 1, 2006)(regarding inmate plaintiff's claim that he was permanently dispossessed of his property, "[t]he Commonwealth of Pennsylvania provides an adequate post deprivation remedy in the forms of the DOC grievance system and/or a state law tort law suit against the Defendants... [which] satisfy the Fourteenth Amendment's procedural due process guarantee") (citations omitted).

      Here, as in Brooks, Plaintiff admits that he utilized the DOC's grievance process to attempt to obtain the return of the funds he claims were improperly deducted from his inmate account. Thus, he was provided access to an adequate post-deprivation remedy that has been held to satisfy his procedural due process rights, despite the fact that he is dissatisfied with the outcome. Accordingly, to the extent Plaintiff has attempted to state a due process claim, such claim is without merit. As a result, allowing Plaintiff to amend his complaint to name individual staff members of either the DOC or SCI-Albion would be futile because he has failed to state a due process claim upon which relief may be granted.

      An appropriate order follows.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE PETTAWAY, )<br>        Plaintiff    )<br>        )<br>v.    )<br>    )<br>SCI ALBION, et al.,    )<br>        Defendants    ) | C.A. No. 11-158 Erie<br><br>Magistrate Judge Baxter |

### **ORDER**

AND NOW, this 2nd day of February, 2011,

IT IS HEREBY ORDERED that Defendants' motion to dismiss complaint [ECF No. 35] is GRANTED.

The Clerk is directed to mark this case closed.

                        /s/ Susan Paradise Baxter
                        SUSAN PARADISE BAXTER
                        United States Magistrate Judge